**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRIAN DALE DUBUC,

          Petitioner - Appellant,

v.

RON CHAMPION, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA;
OKLAHOMA DEPARTMENT OF
CORRECTIONS,

          Respondents - Appellees.

No. 01-5152
(D.C. No. 99-CV-581-H)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Brian Dale Dubuc, an Oklahoma state prisoner proceeding pro se, requests issuance of a certificate of appealability (COA) in each of two cases filed in the district court. The district court consolidated the two cases, denied relief, and declined to issue a COA on any of the claims. Our jurisdiction arises from 28 U.S.C. §§ 1291 & 2253(a). We address the two underlying cases separately, deny issuance of a COA in both, and dismiss this appeal. In both cases, we construe Mr. Dubuc's pleadings liberally b ecause he is representing himself on appeal. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

As a preliminary matter, we address the issue of whether Mr. Dubuc's notice of appeal was timely, thereby invoking appellate jurisdiction. The notice of appeal was filed past the thirty-day deadline set by Fed. R. App. P. 4(a)(1)(A), but the district court granted Mr. Dubuc's timely request for an extension of time. *See id.* Rule 4(a)(5). Furthermore, the fact that this appeal was filed before the extension of time was granted does not defeat appellate jurisdiction because the extension of time served to validate the prior notice of appeal. *Hinton v. City of Elwood*, 997 F.2d 774, 778 (10th Cir. 1993). Accordingly, we have appellate jurisdiction.

We also consider Mr. Dubuc's motion for supplementation of the appellate record with the record of his jury trial, which resulted in convictions that were later reversed on appeal. He has not stated why the record is necessary to prove his claims. Moreover, in light of Mr. Dubuc's claims addressed below, the fact that the convictions were reversed erases the relevance of the trial record. Consequently, we conclude that the trial record would not "establish beyond any doubt the proper resolution of the pending issues." *United States v. Kennedy*, 225 F.3d 1187, 1192 (10th Cir. 2000) (quotation omitted), *cert. denied,* 532 U.S. 943 (2001). Mr. Dubuc's motion to supplement the appellate record is denied.

<u>CLAIMS BROUGHT UNDER 28 U.S.C. § 2254</u>

<u>District Court Case No. 99-CV-581</u>

In 1992, Mr. Dubuc was convicted by a jury of several charges involving a stolen vehicle and a firearm. The Oklahoma Court of Criminal Appeals reversed the convictions and remanded for a new trial. In 1997, Mr. Dubuc entered *Alford*[1] pleas to the charges of possession of a stolen vehicle, knowingly concealing stolen property, and false declaration of ownership, after former conviction of one felony. Before entering his guilty pleas, Mr. Dubuc asserted that his speedy trial right had been violated, but the state trial court denied the claim and refused to dismiss the charges. He was sentenced to seventeen years' imprisonment. Nine

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

-3-

days later, he moved to withdraw his guilty pleas. After a hearing, the state trial court denied Mr. Dubuc's motion to withdraw his pleas, but confirmed that Mr. Dubuc had preserved his right to appeal his speedy trial claim.

Mr. Dubuc filed an appeal on the speedy trial issue. On March 9, 1988, the Oklahoma Court of Criminal Appeals denied relief. Mr. Dubuc then filed a motion for post-conviction relief in the state trial court; relief was denied. He attempted to appeal that decision, but his notice of appeal was filed too late to invoke appellate jurisdiction. He then filed the underlying habeas petition in federal court.

While the federal habeas petition was pending, the Oklahoma Supreme Court ruled on Mr. Dubuc's appeal of a civil rights lawsuit against prison officials alleging that they violated his right of access to the courts by obstructing his attempts to appeal timely the order denying post-conviction relief. On July 3, 2001, the Oklahoma Supreme Court remanded the case for further proceedings to determine the reason the appeal was untimely. Mr. Dubuc then filed a post-trial motion in the underlying habeas action requesting relief based on the remand issued by the Oklahoma Supreme Court in the civil rights case. The district court construed the motion as a second or successive habeas petition and transferred it to this court for authorization. *See* 28 U.S.C. § 2244(b)(3)A). The transferred case was assigned appellate case No. 01-5163 and denied on November 14, 2001.

-4-

None of the issues raised in case No. 01-5163 are included or implicated in this appeal.

This appeal pertains to the federal district court's judgment denying Mr. Dubuc's federal habeas petition. He requests issuance of a COA on his allegations that his guilty pleas were entered in violation of his constitutional rights (1) to a speedy trial, (2) to the effective assistance of counsel in his jury trial, (3) to a speedy appeal from the convictions following his jury trial, (4) to conflict-free appellate counsel of his choice, (4) to represent himself on appeal, (5) to be free from a conviction based on false testimony, and (6) to not have a prior, unconstitutional conviction (for lack of a preliminary hearing) used against him.

This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). If the merits of a claim were adjudicated by a state court, the federal district court is required to deny the claim unless it (1) resulted in a decision that was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court, or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). The state court's factual findings are presumed correct unless the petitioner produces clear and convincing evidence to rebut the presumption. 28 U.S.C. § 2254(e)(1).

A state court decision is contrary to established federal law under § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of federal law under § 2254(d)(1) "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. An objective standard is used to evaluate the reasonableness of the state court's application of federal law. *Id.* at 409-10.

We have carefully reviewed all of the materials Mr. Dubuc submitted, as well as the record on appeal. We hold that the district court appropriately analyzed the case and accorded the proper deference to the state court's rejection of Mr. Dubuc's speedy trial claim. We further hold that the district court's procedural-bar ruling disposing of Mr. Dubuc's claims pertaining to his appellate counsel and right to a pro se appeal is not debatable among jurists of reason on the question of "whether the petition states a valid claim of the denial of a constitutional right, [or] whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). For substantially the same reasons underlying the district court's July 9, 2001 order of dismissal, we

conclude that Mr. Dubuc has failed to demonstrate "that reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* at 484 (quotations omitted). Accordingly, Mr. Dubuc is not entitled to a COA because he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The application for issuance of a COA is denied.


CLAIMS BROUGHT UNDER 28 U.S.C. § 2241

District Court Case No. 99-CV-582

In this case, Mr. Dubuc challenges the execution of his sentence. He seeks a COA to permit this court to consider the merits of his claims. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (imposing COA requirement on state prisoners bringing claims under § 2241). Mr. Dubuc asserts that the way his sentence is being administered violates the due process, equal protection, and *ex post facto* clauses of the United States Constitution, as well as the Americans with Disabilities Act (ADA). His constitutional issues are based on earned and good-time credits. He claims the prison violated the ADA by denying him

employment because he is blind, and as a result, his opportunity to earn early release is limited by his unemployed status.

We have thoroughly reviewed Mr. Dubuc's request for a COA and appellate brief, as well as the district court's order and the entire record on appeal. Based on that review, we conclude that Mr. Dubuc has not demonstrated that jurists could debate whether the issues could be resolved differently or that the questions presented deserve further proceedings. *See Slack*, 529 U.S. at 483-84. Accordingly, Mr. Dubuc has not made a "substantial showing of the denial of a constitutional right," and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

Mr. Dubuc's request for a COA is DENIED for substantially those reasons set out in the district court's order dated July 9, 2001.

### CONCLUSION

Mr. Dubuc's request to supplement the record is denied. The appeal is DISMISSED.

Entered for the Court

Bobby R. Baldock
Circuit Judge